UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    -v-<br><br>DEQUAN HOOD,<br><br>                                        Defendant. | 20-CR-614 (RA)<br><br>ORDER |

RONNIE ABRAMS, District Judge:

On September 14, 2021, Dequan Hood pled guilty to conspiring to commit a Hobbs Act robbery, pursuant to 18 U.S.C. § 1951. His Sentencing Guidelines range was 77 to 96 months' imprisonment based on a total offense level of 22 and a criminal history category of V. On April 1, 2022, Mr. Hood was sentenced principally to a term of imprisonment of 77 months. On December 26, 2023, Mr. Hood filed a motion requesting that this Court grant a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively. As relevant here, Amendment 821 modified the calculation of "status points" under Guideline § 4A1.1, reducing from two points to one point the upward adjustment for offenders who committed the instant offense while under any criminal sentence.

The United States Probation Department has issued a supplemental presentence report in which it concluded that, while Mr. Hood is eligible for a status-point recalculation, he is ineligible for a sentence reduction. Had Amendment 821 been in effect at the time of sentencing, Mr. Hood would have received one status point, instead of the two status points he received at the time of sentencing, meaning he would have had a total of ten criminal history points instead of eleven. Whether he had ten or eleven criminal history points, however, Mr. Hood's Criminal History Category would have

remained in category V. Because his Total Offense Level also would not have changed, Mr. Hood's Guidelines range in light of Amendment 821 remains 77–96 months.

The Court has considered Mr. Hood's submission and the record in this case and agrees with the Probation Department that Mr. Hood is precluded from receiving a sentence reduction because his Guidelines range has not changed in light of Amendment 821. *See United States v. Torres*, No. 06-cr-987-7, 2024 WL 621554, at *2 (S.D.N.Y. Feb. 14, 2024) (declining to reduce a sentence in light of Amendment 821 where a recalculation of defendant's criminal history points resulted in the same Guidelines range); *United States v. Garcia*, No. 20-cr-673, 2024 WL 586459, at *2 (S.D.N.Y. Feb. 12, 2024) (same).

Accordingly, it is hereby ordered that Mr. Hood's motion for a reduction in sentence is denied. To the extent that Mr. Hood seeks appointment of counsel, that motion is also denied. *See United States v. Cirineo*, 372 F. App'x 178, 179–80 (2d Cir. 2010) (where it is "readily ascertainable from the record that [a defendant] was ineligible for a reduction in sentence," a court may exercise its discretion "by denying his motion for appointment of counsel").

SO ORDERED.

_____
Ronnie Abrams
United States District Judge

Dated:  April 5, 2024
       New York, New York